762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONNIE HILLYARD, PETITIONER-APPELLANT,
v.
AL C. PARKE, WARDEN, KSP; STEVEN L. BESHEAR, ATTORNEY
GENERAL OF KENTUCKY, RESPONDENT-APPELLEES.
 NO. 84-5664
 United States Court of Appeals, Sixth Circuit.
 4/15/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and NEWBLATT*, District Judge.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Donnie Hillyard appealed from the district court's decision denying his petition for a writ of habeas corpus. On August 25, 1978, when appellant was 17 years and 5 months old, he and another juvenile, Bobby Wagoner (Wagoner) were arrested pursuant to juvenile petitions charging them with kidnapping, first degree rape and murder of an employee of a convenience store in Marion, Kentucky. On September 12, 1978, the Crittenden (Juvenile) District Court conducted a waiver hearing to determine whether appellant and his condefendant should be transferred to the circuit court to be tried as adults. At the hearing, both appellant and his codefendant were represented by the same attorney. A court report prepared by the Kentucky Department of Human Resources was introduced into evidence. The court ruled that both appellant and his codefendant should be transferred to the jurisdiction of the circuit court to be tried as adults.
 
 
 2
 Appellant was indicted on October 2, 1978, by the Crittenden Circuit Court for kidnapping, first degree rape, and murder. At arraignment, new counsel was appointed for appellant. On January 6, 1979, the circuit court conducted an in-depth hearing on appellant's motions to (1) quash the indictment charging the juvenile court with prejudicial error in issuing the juvenile waiver which resulted in the improper transfer of appellant to the jurisdiction of the circuit court to be tried as an adult and (2) to suppress his confession. The court heard testimony from appellant's employer, a social worker, a community treatment specialist, a clinical psychologist, appellant's mother, his uncle, his sister-in-law, his high school principal and the attorney who represented him at the transfer hearing. The court overruled both the motion to quash the indictment and the motion to suppress appellant's confession.
 
 
 3
 The case proceeded to trial and a jury returned a verdict of guilty as charged. Appellant was thereafter sentenced to consecutive sentences of life imprisonment for kidnapping, twenty years for first degree rape and life imprisonment for murder. Appellant appealed to the Kentucky Supreme Court which modified the sentences to run concurrently, but otherwise affirmed the trial court's judgment. In November 1981, appellant filed a petition for writ of habeas corpus in the United States District Court for the Western District of Kentucky. On June 12, 1984, the district court adopted the magistrate's report, ordering that the petition be dismissed.
 
 
 4
 On appeal, appellant first contends that he was denied fundamental fairness under the due process clause of the fourteenth amendment because of erroneously prejudicial proceedings implemented by the juvenile court which resulted in his transfer to the jurisdiction of the circuit court. Specifically, he asserts that he was transferred without a full investigation, that his attorney was not provided with the court report prior to the transfer hearing and that the juvenile court failed to consider and apply the mandates imposed by law before authorizing his transfer. This court concludes that the initial juvenile transfer proceedings were not improperly conducted. However, even if the juvenile proceedings were not a model of judicial administration, the Crittenden Circuit Court, subsequent to conducting an exhaustive hearing on the propriety of the transfer, denied the appellant's motion to quash the indictment which motion relied upon the alleged erroneous proceedings of the juvenile court which resulted in its granting the waiver of juvenile court jurisdiction in favor of the circuit court's jurisdiction. Thus, by accepting jurisdiction, the circuit court reviewed the totality of the evidence relied upon by the appellant in support of his motion to set aside the juvenile waiver and transfer and concluded that transfer was appropriate, thereby affording appellant with all process that was due and thereby rendering any error at the juvenile court level as harmless.
 
 
 5
 Appellant next argues that he was denied his sixth amendment right to counsel at the juvenile transfer hearing because his attorney had a conflict of interest in representing both appellant and his codefendant and because his attorney was ineffective. Although appellant charges his attorney with a conflict of interest, subsequent to a full explanation concerning a possible conflict situation, it is significant that appellant signed a waiver of dual representation. With respect to appellant's claim of ineffective assistance of counsel, as the district court below noted, 'it is unlikely that the most eloquent and lengthy cross-examination would have prevented the outcome of the transfer hearing.' In any event, at the circuit court hearing, when he was represented by another attorney, all the evidence appellant relied upon to set aside the waiver and transfer was placed before the court thereby correcting any error, if any, in fact existed. Thus, appellant has not shown that he was prejudiced by any deficiency in his counsel's performance.
 
 
 6
 Finally, appellant argues that his rights under the fifth and fourteenth amendments were violated when his confession was not suppressed. Appellant contends that his confession was involuntary. A review of the transcript of the suppression hearing discloses that, under the totality of the circumstances surrounding the confession, appellant acted freely and with full knowledge of his constitutional rights. See Haynes v. Washington, 373 U.S. 503, 513 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513 (1963), United States v. Brown, 557 F.2d 541, 546 (6th Cir. 1977).
 
 
 7
 For the reasons set forth above, the decision of the district court, denying appellant's petition for a writ of habeas corpus, is hereby AFFIRMED.
 
 
 
 *
 Hon. Stewart A. Newblatt, United States District Judge, Eastern District of Michigan, sitting by designation